UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL BURTON, | No. 2:19-cv-1616 JAM CKD P |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| MESKATH UDDIN, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. This action is proceeding on a claim for denial of medical care arising under the Eighth Amendment and a claim arising under the First Amendment based upon retaliation for protected activity against defendant Uddin. Defendant Uddin's motion for summary judgment is before the court.

I. <u>Additional Discovery</u>

Plaintiff asks that the court delay resolution of defendant's motion for summary judgment and permit plaintiff to conduct "additional discovery." It appears that plaintiff seeks portions of his own medical records.

Under Rule 56(d) of the Federal Rules of Civil Procedure, the court may delay resolution of a motion for summary judgment and permit the opposing party additional time to conduct discovery if the opposing party shows that facts are "unavailable." In order to show that facts are

1

"unavailable" for purposes of Rule 56(d), the opposing party must demonstrate previous discovery opportunities were pursued with diligence. Bank of Am. NT & SA v. PENGWIN, 175 F.3d 1109, 1118 (9th Cir.1999).

Here, the discovery cut off was August 25, 2020. ECF Nos. 28 & 31. Plaintiff fails to indicate why the information he seeks now was not obtained during the discovery period or that he otherwise diligently pursued discovery opportunities during the discovery period. Accordingly, plaintiff's motion that this action be stayed so he may conduct additional discovery is denied.

II. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show

2

that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

III. Plaintiff's Allegations

In his complaint, which is signed under penalty of perjury, plaintiff alleges as follows:

1. At all times relevant, plaintiff was a prisoner at California State Prison, Sacramento and defendant was employed there as a physician.

2. On May 31, 2018, plaintiff saw defendant seeking a different course of treatment with respect to neuropathic pain. Defendant prescribed Cymbalta.

3. On October 5, 2018, plaintiff submitted a "Health Care Services Request" seeking a different course of treatment as the Cymbalta was not relieving plaintiff's pain. Defendant met with plaintiff on November 26, 2018 as to his request. Defendant elected not to change the course of treatment.

4. Plaintiff submitted a second "Health Care Services Request" on December 11, 2018 as the Cymbalta was still not relieving plaintiff's pain. That same day plaintiff informed defendant that he would utilize the inmate grievance procedure if defendant persisted with the same treatment. It is not clear if that was included in the "Health Care Services Request."

5. Plaintiff filed a third "Health Care Services Request" on January 1, 2019 which was essentially the same as the December 11, 2018 request.

6. Plaintiff saw defendant on January 16, 2019. At that point, defendant told plaintiff he would not prescribe any pain medication and provide only minimal treatment because plaintiff complains too much, including plaintiff's use of the inmate grievance procedure. Defendant refused to prescribe any pain medication, but did order "Walkfit" arch support.

7. Plaintiff submitted a fourth "Health Care Services Request" on February 17, 2019. Plaintiff saw defendant on March 25, 2019. On that date, defendant told plaintiff there was nothing he could do about plaintiff's pain because "other courses of treatment cost too much."

IV. Applicable Standards

Under the Eighth Amendment, prisoners cannot be subjected to "cruel and unusual punishment[ ]." Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is at least deliberately indifferent to a prisoner's serious medical needs. Id.

For there to be deliberate indifference under this standard, a prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that official "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837

(1994).  A difference of opinion about the proper course of treatment is not deliberate indifference.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).  For a prisoner to prevail on a claim involving choices between alternative courses of treatment, he must show that the chosen course of treatment was "medically unacceptable under the circumstances" and was chosen "in conscious disregard of an excessive risk to the prisoner's health." Id. at 1058.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  Plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct.  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

V.   Defendant's Arguments and Analysis

In his motion, defendant argues there is no genuine issue of material fact as to whether he was at least deliberately indifferent to plaintiff's serious medical needs or as to whether defendant ever took any adverse action against plaintiff for plaintiff's utilization of the inmate grievance procedure.

In his affidavit, defendant indicates as follows:

1.  He was plaintiff's primary care physician between April 2018 and May 2019.  During that time, defendant saw plaintiff seven times for "a mass and infection in the back of his head," right foot pain and numbness and seizure disorder.

2.  Plaintiff first mentioned problems with his right foot during a visit which took place on May 31, 2018.  Defendant examined the foot and diagnosed "mechanical flat foot" and "mild neuropathy along the medial foot."  Defendant prescribed Cymbalta for the "numbness / tingling."  At that point, plaintiff was already using an insole to treat his mechanical flat foot and defendant advised that plaintiff keep doing so.

3. On November 26, 2018, plaintiff had a "face-to-face" consultation with a nurse during which he complained of chronic foot pain. The nurse "performed a physical examination and took [plaintiff's] history." Ultimately, the nurse contacted defendant as to plaintiff's complaints. Defendant reviewed plaintiff's chart and advised that he take Ibuprofen / Naproxen for pain since the prescribed Cymbalta was not working.

4. Plaintiff was seen by defendant on January 16, 2019. Again, plaintiff complained of numbness and pain in his right foot. Defendant examined the foot. Ultimately, defendant discontinued the Cymbalta prescription because plaintiff was already receiving a higher dose of Cymbalta from a psychiatrist. Defendant prescribed arch support to address the mechanical flat foot issue.

5. Plaintiff was seen by a nurse on March 25, 2019. As a result, the nurse contacted defendant to discuss plaintiff's seizure medications. The nurse noted that her physical examination of plaintiff was unremarkable.

6. Plaintiff had a scheduled visit with defendant on May 17, 2019, but plaintiff refused to attend.

7. Defendant asserts he was never deliberately indifferent to plaintiff's medical needs. Defendant performed a "thorough physical examination at each visit, assessed his current symptoms and complaints, and tried various medically acceptable remedies to treat plaintiff's right foot pain, such as a prescription for Cymbalta and arch supports."

As to the medical treatment provided by defendant, plaintiff fails to point to any evidence indicating that the course of action chosen amounted to deliberate indifference. Plaintiff does not point to any evidence suggesting what actions defendant should have taken rather than those he did take, including prescribing Cymbalta and arch supports and instructing plaintiff to take pain medication such as Ibuprofen or Naproxen.

As for the January 16, 2019 visit, plaintiff does not dispute in his opposition that he was already prescribed Cymbalta by a psychiatrist and that such a prescription was not a proper basis for defendant to discontinue his prescription. Also, medical records indicate that defendant again counseled plaintiff as to taking over-the-counter medication such as Naproxen for pain and

demonstrated stretching exercises.  ECF No. 50-3 at 38.  Plaintiff does not dispute this.

As for retaliation, the court is mindful that plaintiff alleges that defendant told plaintiff at the January 16, 2019 visit that defendant would only provide minimal treatment because, in part, of plaintiff's use of the inmate grievance procedure.  However, without any evidence as to what defendant should have done the court cannot find that there is a genuine issue of material fact as to whether defendant actually took any adverse action against plaintiff for protected conduct.

VI. Conclusion

In light of the foregoing, the court will recommend that defendant's motion of summary judgment be granted and this case be closed.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion that this action be stayed so that plaintiff may conduct additional discovery is denied.

IT IS HEREBY RECOMMENDED that:

 1. Defendant Uddin's motion for summary judgment (ECF No. 50) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 5, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
burt1616.msj